IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cr. No. 00-10007-T |
| CONSTANCE C. DEATON, | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER DENYING MOTION FOR FREE TRANSCRIPT

On September 20, 2004, the defendant, Constance C. Deaton, an inmate at the Federal Medical Center in Lexington, Kentucky, filed pro se motions requesting a free copy of her trial transcript and appointment of counsel, along with an affidavit in support.

On February 14, 2000, a grand jury returned a one count indictment charging defendant with possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On April 27, 2000, defendant pled guilty as charged. On July 26, 2000, the Court conducted a sentencing hearing and entered a judgment imposing a sentence of eighty-seven months imprisonment plus a three-year period of supervised release. Defendant did not appeal and her conviction was final on August 7, 2000, when the time for filing a notice of appeal expired.

Defendant requests the Court to "appoint counsel to represent her in this case." The case is closed. The affidavit in support of the motion for appointed counsel alleges that the:

> Petitioner was subjected to numerous violations under the United States Constitution, including but not limited to the following 1st, 5th, 8th, and 14th

> Amendment rights. The Petitioner was denied due process in her trial, pre-trial, and sentencing. Petitioner was denied effective assistance of counsel, and petitioner's constitutional right to have the prosecution disclose evidence favorable to the Petitioner was denied.

Therefore, the Court will construe the motion as a request for appointed counsel to assist defendant in preparing and filing a motion pursuant to 28 U.S.C. § 2255. Under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, if an evidentiary hearing is required, "the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)."[1] Section 3006(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

As defendant has not yet filed a § 2255 motion, the Court is unable to determine that the interests of justice require the appointment of counsel. Accordingly, defendant's motion for appointment of counsel is DENIED.

Furthermore, if an indigent criminal defendant seeks a free transcript to use in preparing a motion under 28 U.S.C. § 2255, she may only obtain one "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f).

In order for the Court to decide if the suit is not frivolous, a defendant must make a particularized showing of need for the transcript to justify providing the transcript at government expense. United States v. MacCollom, 426 U.S. 317, 326 (1976). "A federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent." Campbell v. United States, 538

---

[1] Rule 8(c) goes on to state that "[t]hese rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires."

F.2d 692, 693 (5th Cir. 1976). See also United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979)(no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); Bentley v. United States, 431 F.2d 250, 252 (6th Cir. 1970)(defendant not entitled to free transcript to search for grounds to file a motion under § 2255); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").[2]

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith."

Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)(quoting United States v. Lawler, 172 F. Supp. 602, 605 (S.D. Tex. 1959)).

The motion provides no factual basis supporting any claims to be derived from the requested transcripts.[3] The defendant has thus not shown any particularized need for

---

[2] Moreover, there is a split of authority regarding whether the transcript may be obtained before the actual filing of the § 2255 motion. Cf. United States v. Losing, 601 F.2d 851 (8th Cir. 1979)(transcript cannot be provided under § 753(f) until § 2255 motion actually has been filed) with United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964)(transcript should be provided to assist in preparation of motion if the putative movant makes a showing of need). For a thorough analysis of the underpinnings of these two cases and their progeny, see United States v. Chambers, No. 87-CR-80933-DT-04, 1992 U.S. Dist. LEXIS 4024 (E.D. Mich. March 23, 1992). The inadequacy of defendant's motions renders resolution of this issue unnecessary.

[3] Deaton has filed a separate "motion for a certificate of appealability" based upon the principles enunciated in Blakely v. Washington, 124 S. Ct. 2531 (2004). To the extent that Deaton seeks to file a motion to vacate raising claims under Blakely, the motion would be frivolous. Deaton cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). In United States v. Booker, 125 S. Ct. 738 (2005), although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")). The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

transcripts, and the Court has no grounds on which it can conclude, as required by section 753(f), that a motion to vacate, if filed, would be nonfrivolous. Accordingly, the motion is without merit and are DENIED.

Should the defendant merely seek to purchase copies of transcripts, she should correspond directly with the court reporter through the Court Clerk's office and make the appropriate arrangements for pre-payment.

IT IS SO ORDERED this 28th day of October, 2005.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

4

Case 1:00-cr-10007-JDT   Document 43   Filed 10/31/05   Page 5 of 5   PageID 35

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 1:00-CR-10007 was distributed by fax, mail, or direct printing on November 1, 2005 to the parties listed.

---

Richard Leigh Grinalds
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Constance C. Deaton
Federal Prison Camp
17172-076
P.O. Box 14525
Lexington, KY 40512--452

Honorable James Todd
US DISTRICT COURT